UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IRVIN GALLE                                         CIVIL ACTION

v.                                                  NO. 07-6806

STATE FARM FIRE AND CASUALTY                        SECTION "F"
COMPANY

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

The plaintiff sued State Farm for State Farm's alleged failure to pay the amounts due under his homeowners policy after the plaintiff's property suffered wind damage from Hurricane Katrina.  According to State Farm, the plaintiff's policy provides coverage in the following amounts:  $96,700 for dwelling, $9,670 for the dwelling extension, and $74,556 for contents and personal property.  State Farm has paid $42,472 for the plaintiff's homeowner's claim.  The one-page state court petition does not assert entitlement to state law penalties.

The plaintiff filed suit in state court, State Farm timely removed to this Court, and the plaintiff now moves to remand the case based on lack of diversity jurisdiction.  The plaintiff contends that the jurisdictional amount in controversy is not met.

1

I.

Although the plaintiff challenges removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand. York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

II.

To exercise diversity jurisdiction, complete diversity must exist between the plaintiffs and all of the properly joined defendants, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332.

State Farm contends that this Court has diversity jurisdiction over this suit because the parties are completely diverse and the plaintiff seeks recovery in excess of $75,000. State Farm is a citizen of Illinois and the plaintiff is a citizen of Louisiana; thus, the parties are completely diverse. The only dispute here is whether the amount-in-controversy requirement is met.

III.

To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720 (5th Cir. 2002); see also Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).

Louisiana law prohibits the plaintiff from petitioning for a specified quantum. See La. Code Civ. P. art. 893(A)(1). The plaintiff's petition, in conformity with Louisiana law, is silent regarding the quantum of damages. Where, as here, the plaintiff has alleged an indeterminate amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). This showing may be made by either (1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000 or (2) setting forth the facts in controversy that support a finding of the jurisdictional amount. Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999).

It is not facially apparent from the plaintiff's complaint that his claims likely exceed $75,000. Thus, the defendant must set forth facts in controversy that support a finding that the jurisdictional amount-in-controversy is met. See

3

id.  "Removal, however, cannot be based simply upon conclusory allegations."  See Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) (citation omitted).  Here, the defendant recites the limits plaintiff could recover and notes that it has paid the plaintiff $42,472 under the policy.  These are the only jurisdictional facts provided to the Court.  From this, State Farm concludes, the jurisdictional amount in controversy is met, as there remains at least $170,000 potentially at issue. As the removing party, however, the defendant bears the burden to show that the amount in controversy *more likely than not* exceeds $75,000.  The defendant has not carried its burden.

　　　　　The defendant would have the Court assume that -- even though the plaintiff does not claim entitlement to policy limits -- the mere fact that the plaintiff's policy limits exceed the jurisdictional amount in controversy catapults this case past the amount-in-controversy threshold and into federal court.  Further, neither party has suggested that the plaintiff's property was totally destroyed.  To the contrary, to accept State Farm's position is to disregard the language of the petition, which alleges wind-related damage but no flooding, and nowhere suggests total destruction of the property such that full policy limits would be recoverable by Mr. Galle.  (Mr. Galle likewise does not allege entitlement to state law penalties.)  State Farm has submitted nothing for the Court to determine what might be the

4

value of Ms. Anderson's "true" claim.  The defendant has not carried its burden.

Based on the plaintiff's allegations and the jurisdictional facts before the Court, State Farm has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Accordingly, the plaintiff's motion to remand is GRANTED. This case is hereby remanded to the 25th Judicial District Court for the Parish of Plaquemines.

New Orleans, Louisiana, December 5, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

5